## FELLOWS vs. WILSON and ENO.

Where the defense of usury is set up to an action on a promissory note, and the lender of the money, being called as a witness, refuses to testify, on the ground that his answer might criminate himself, the referee, unless he knows that no usury was in fact taken, should not attempt to compel the witness to answer.

If the counsel does not claim that usury has in fact been taken, he should so state, and ask the referee to instruct the witness that a mere agreement for a usurious premium is not criminal. If he fails to do so, it is too late to raise that question on appeal.

If, after such an explanation, the witness still declines to answer, on the ground that it might criminate himself, it will be equivalent to his swearing that a usurious premium was actually taken.

APPEAL from a judgment for the plaintiff, rendered upon the report of Israel S. Spencer, referee. The action was upon a promissory note. Defense, usury. Defendants called the lender of the money, and he refused to testify, on the ground that it might criminate himself. Other exceptions were also taken. The referee reported in favor of the plaintiff, for the amount of the note, and interest,

*S. C. Parker,* for the appellants,

*Hillis & Morgan,* for the plaintiff.

*By the Court,* PRATT, J. The principal question in this case is whether the witness, Green, was bound to answer the questions put to him, and whether the referee should have directed him to answer.

When a witness claims his privilege, on the ground that the answers may criminate him, it is for the court to decide whether it is a case for such claim. (3 *Denio,* 341.) And the court must decide this, taking into consideration the evidence which may be material upon the issue.

In this case, whether the answer would tend to criminate the witness or not, would depend on the fact whether the usurious premium had actually been paid. If there was only an agreement to pay the usurious premium, the lender was not guilty of any crime, and was bound to answer. But the receipt of the usury by the lender, or an agreement to receive usury, would either of them constitute a defense to the action, and evidence to establish either would be competent.

If, therefore, the referee could have known, beforehand, the precise facts of the case, and that no usury had in fact been taken, it would have been his duty to direct the witness to answer. But this could only be known after the evidence was out. It is enough that the answer might criminate the witness, and he claiming under the responsibility of his oath that he feared that it might criminate him, the referee was right

in not attempting to compel him to answer. If the counsel did not claim that the usury had in fact been taken, he should have so stated, and asked the referee to instruct the witness that an agreement for a usurious premium was not criminal. Not having done so, it is too late to raise that question upon the appeal. The counsel claiming this would not necessarily compel the witness to answer, for he himself might know that it was in fact taken ; that the whole $100 was handed over to the borrower, and that he afterwards paid back the premium. The benefit of the explanation would consist in its bearing upon the conscience of the witness. If, after such explanation, he still declined to answer, on the ground that it might criminate himself, it would be equivalent to his swearing that the premium was actually taken.

The question in regard to the total want of a consideration, might open up the same inquiry, and was therefore correctly overruled.

The other exceptions are clearly not well taken.

Judgment affirmed.

[Oneida General Term, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]